**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| v. | **CRIMINAL ACTION NO.: 3:06CR-94-H** |
| **MICHAEL STOUT** | **DEFENDANT** |

**DEFENDANT'S SUPPLEMENTAL MOTION IN LIMINE TO SUPPRESS 404(b)
EVIDENCE OR IN THE ALTERNATIVE
MOTION FOR CONTINUANCE**

*** *** *** *** ***

Comes the Defendant, Michael Stout, by counsel, moves the court to exclude the prosecutions 404(b) evidence, or in the alternative, grant a continuance of the trial. As grounds for this motion, Defendant states as follows:

1. The Defendant has been indicted under Title 18, U.S.C.§§2252A(a)(2)(B); 2252A(b)(1); 2252A(a)(5)(B); 2252A(b)(2); and 2253, Receiving and Possessing Child Pornography Shipped and Transported in Interstate and Foreign Commerce.

2. Defendant previously pled guilty to Promoting a Minor Under 16 in a Sex Performance, and sexual abuse, both felonies, in Boone County, Kentucky. Defendant was on probation and was being actively supervised at the time of his arrest. Pursuant to Kentucky law, Defendant must register as a sex offender, and was registered as a sex offender at the time of his arrest.

3. By letter dated September 29, 2006, and follow up telephone calls, the prosecution informed Defendant that they intended to call the ex-wife of the Defendant who will testify regarding specific instances of Defendant email correspondence with an underage girl and that this girl sent provocative photos of herself to Defendant. Finally, it is expected that she will testify regarding Defendant's "repeated" searches for child pornography.

4. Defendant respectfully requests that this information not be admitted into evidence. FRE 404(b) provides that "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident..."

4. The Court must first determine if the evidence sought to be admitted under FRE 404(b) is a) relevant to a material issue raised at trial, b) similar in kind and close in time to the crime charged, c) supported by sufficient evidence to support a jury finding the defendant committed the other act, and d) its probative value is not substantially outweighed by its prejudicial value. *U.S. v. Kern*, 12 F.3rd 122, 124-5 (8th Cir. 1993).

5. The evidence sought to be introduced should be excluded because the evidence does nothing more than attempt to improperly show inadmissible character evidence. The evidence, by admission of the prosecution is anywhere from "15- 18" months to "18 - 24" months prior to the incidents in questions and are so far removed in time from the evidence in this matter that its prejudicial effect outweighs any probative value. At best, the evidence sought to be entered regarding child pornography searches meets the aforementioned test, but any testimony regarding alleged emails which have not been provided, because they don't exist, should not be allowed.

6. Further, the evidence should be excluded because the events allegedly occurred on a computer. However, no computer evidence is available to the prosecution or defense at this time, or presumably, ever will be available. Defendant will have no opportunity to review any of these alleged communications, the alleged pictures, or to otherwise provide proof that they don't exist.

7. If the Court rules that the evidence sought to be entered is otherwise relevant, the Court must still review the evidence in light of KRE 403. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The evidence heretofore described is extremely prejudicial, plainly and simply put. The tawdriness of the allegations will undoubtedly sway the jury and will cause them to unfairly convict Mr. Stout. The prejudice he will suffer from these allegations is potentially devastating and outweighs any probative value of the evidence.

8. If the Court is inclined to admit this evidence, then Defendant requests a short continuance of the trial of this matter so as to further investigate this information related to the emails and pornography searches. Absent a continuance, Defendant's constitutional right to a fair trial will be infringed as he will not have a full and fair opportunity to review the evidence against him.

9. Finally, should the Court deny Defendant's arguments and motions as aforementioned, Defendant requests the Ms. Stout be kept under oath and Defendant be allowed to call her for rebuttal in his case in chief after he obtains her extensive Kentucky criminal record, inclusive of the criminal complaints filed against her Mr. Stout's current girlfriend, the no contact orders issued against her and her medical records from the rehabilitation/mental hospital she currently resides in.

**CERTIFICATE**

It is certified that a copy of the foregoing was faxed and mailed to the following this 31st day of September, 2006:

Jo E. Lawless
Assistant U.S. Attorney
510 W. Broadway
Louisville, Kentucky 40202
(502) 582-7097 fax

                                                Respectfully submitted,

                                                s/Joseph E. Blandford, Jr.
                                                JOSEPH E. BLANDFORD, JR.
                                                Attorney at Law
                                                THE LANDWARD HOUSE
                                                1387 S. Fourth Street
                                                Louisville, Kentucky 40208
                                                (502) 636-4615
                                                (502) 634-9119 fax
                                                jeblaw@bellsouth.net