UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:06CR-94-H

UNITED STATES OF AMERICA                                           PLAINTIFF

V.

MICHAEL STOUT                                                       DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Defendant Michael Stout was indicted on charges related to the possession and receipt of child pornography. Before trial, the United States filed notice that it would introduce at trial Defendant's prior conviction for 1999 sex-related crimes and the conduct underlying those convictions. Defendant has moved to exclude that evidence on the grounds of its limited relevancy and extreme prejudice.

This motion poses the always delicate question of whether relevant evidence of prior bad acts unfairly prejudices the jury against a defendant. The government has good reasons to believe that its evidence is both relevant and necessary. In many instances, courts can find a rationale or a method of allowing use of it. Here, the circumstances are such that to do so creates the great probability of an unfair prejudice. It is best, therefore, that the Court exercise its discretion to exclude the evidence of prior conduct and convictions.

I.

The relevant facts begin with the events comprising Stout's prior criminal history. In December 1999, a state grand jury in Boone County, Kentucky, returned a four-count indictment

against Stout. Counts 1 and 2 of the indictment charged Stout with promoting a sexual performance by a minor in violation of Ky. Rev. Stat. § 531.320(2)(B), a class B felony. Those counts charged that in May and in July 1999 respectively, Stout produced videotapes by installing a hidden video camera and surreptitiously recording a 14 year-old female as she showered. Count 3 of the indictment charged Stout with first degree sexual abuse of his own six-year-old stepdaughter in violation of Ky. Rev. Stat. § 510.110, a class D felony. Count 4 of the indictment charged Stout with being a persistent felony offender in the second degree, in violation of Ky. Rev. Stat. § 532.080.

In May 2001, Stout pled guilty to Counts 1 - 3 in the indictment. In September 2001, the Boone County Circuit Court imposed a sentence of 10 years' imprisonment as to each of Counts 1 and 2 and five years' imprisonment as to Count 3. The court ordered that the respective sentences be served concurrently. The court also granted a defense motion for five years' probation conditioned on, among other things, 180 days actual jail time and lifetime registration as a sex offender.

In November 2001, Stout moved to Louisville. His probation supervision was also transferred here, and apparently proceeded uneventfully for several years. In the summer of 2005, Stout's probation officer received a tip that Stout might possess child pornography. On August 8, 2005, several probation officers and a Louisville Metro police officer visited Stout's residence. Stout's girlfriend opened the front door and advised the officers that Stout was downstairs on the computer. After being told the purpose of the visit, Stout allowed the officers to search the computer. A brief search apparently uncovered evidence of possible prior visits to pornographic Web sites. Stout denied any responsibility, claiming that his co-workers may have

visited such sites. At the time, Stout's girlfriend also claimed responsibility. The officers then seized the computer for further forensic investigation and arrested Stout on a probation violation charge.

Forensic investigation of the computer recovered approximately 37 images alleged to be child pornography.[1] The images were recovered from the "unallocated space of the computer's memory," indicating that someone viewed them during Internet browsing, but did not actively download these particular images to a permanent hard drive or established file folder. The government believes that Stout probably viewed other pornographic images, but deleted any reference to them. Those recovered images depict teenage girls alone in sexually suggestive poses. None of the girls depicted were under the age of 12.[2] No additional persons were depicted in any of the pictures.

On June 21, 2006, a federal grand jury indicted Stout on two substantive counts. The first charged Stout with violating 18 U.S.C. §§ 2252A(a)(2)(B) and 2252A(b)(1) (receipt of child pornography) and the second charged a violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252(b)(2) (possession of child pornography). United States Magistrate Judge James Moyer ordered Defendant detained pending trial. Later, Stout filed a rather abbreviated motion for release, which this Court denied. Trial was set for August 29, 2006, and later continued to October 3,

---

[1] According to the government, it intends to show the jury 15 of those images.

[2] From the Court's general observation, some of the girls depicted appeared surely under the age of 18, while others could be anywhere from 15 years to 20 years of age. Possession or receipt of images of minors under the age of 12 could justify an enhancement in sentence under the United States Sentencing Guidelines. U.S. Sentencing Guidelines Manual § 2G2.2(b)(2).

2006.³ Stout remains in custody today.

In its pretrial memorandum, the United States indicated its intention to submit as Fed. R. Evid. 404(b) evidence both the fact of Stout's conviction under the Boone County indictments and the facts underlying those convictions for promoting a sexual performance of a minor and sexual abuse of a minor. The United States now indicates that it would present this evidence in as many as three forms: the videotape created by Stout of the 14 year-old girl showering on two different occasions;⁴ the testimony of the detective who investigated the case; and the court records surrounding the conviction.⁵

From what the Court is told, the evidence in the case, absent the prior acts, is actually limited and quite straightforward. The probation officer would testify about the visit to Stout's home and the search of Stout's computer. A computer expert would describe his forensic analysis leading to recovery of the 37 images from the temporary hard drive. Another expert may give an opinion of the girls' estimated ages. Finally, the government may call Stout's ex-wife to testify about observing Stout surfing internet pornography sites. All of this may take no longer than four or five hours.

II.

Although Stout was indicted on two crimes, the elements of each are quite similar. Count

---

³ After Defendant raised this evidentiary issue, this Court continued the October 3, 2006 trial date when the government indicated its intention to appeal an adverse ruling.

⁴ In subsequent discussions, the United States has suggested that it could forego introduction of the actual surreptitious videotape.

⁵ The United States does not now propose to introduce any evidence regarding Count 3 of the state indictment, acknowledging the remoteness of age of the victim in the state sexual assault case (6 years of age) from the age of the girls depicted in the 37 images at issue here (teenagers) and acknowledging the extreme prejudice a sexual assault conviction would have upon Stout in his federal trial.

4

1 charges Stout with receipt of child pornography, and Count 2 charges the possession of child pornography. These statutes require *knowing* receipt, 18 U.S.C. §§ 2252A(a)(2)(B) and *knowing* possession, 18 U.S.C. §§ 2252A(a)(5)(B). Most important for our purposes, each statute also requires that at the time of the receipt or possession, defendant *believed* that such items constituted or contained child pornography.

To determine the admission of the proffered evidence, the Court must consider two principal rules of evidence: Fed. R. Evid. 404(b) and Fed. R. Evid. 403. The former rule provides that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Fed. R. Evid. 404(b). This rule is commonly called one of inclusion. Generally speaking, "other act" evidence may be admitted if the following four requirements are met: (1) the evidence is offered for a proper purpose – a purpose other than to demonstrate the defendant's propensity to commit the crime charged; (2) the evidence is relevant; (3) the trial court makes a Fed. R. Evid. 403 determination that the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice; and (4) the district court submits a limiting instruction, if requested. *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988).

The United States says that the evidence here goes to "identity . . . knowledge . . . [and] lack of mistake or accident," Hearing Tr. at 6: 8-9, Oct. 3, 2006, and indicates "defendant's knowledge and intent to receive and possess child pornography, as well as lack of mistake or accident." United States Trial Mem. at 9. This Court agrees. By any objective standard,

5

evidence of Stout's prior interest in minor girls would tend to substantiate his intent to possess child pornography. It shows that he "intentionally pursued a sexual interest in children, thereby demonstrating his intent to knowingly receive child pornography." *United States v. Hall*, 2000 WL 32010 at **3 (6th Cir. Ky. Jan. 4, 2000); United States Trial Mem. at 10. It also "creates the logical inference that [the defendant] has a sexual interest in children that is strong enough to cause him to break the law. Such a person is more likely to be interested in and to knowingly receive child pornography, rather than to receive the images accidentally without the requisite knowledge or intent." *Hall*, 2000 WL 32010 at **3; United States Trial Mem. at 10-11. Merely determining relevance does not end the Court's work. The careful consideration of 404(b) requires measuring the probative value of the evidence offered because, ultimately, its probative value must be compared to its potential unfair prejudice.

While the proffered evidence is certainly probative, its value and relevance is narrowly consigned to the intent and knowledge elements of the charges. For instance, the prior acts are not relevant to prove that Stout actually possessed or received the charged images. Indeed, these two issues are so easily confused that the standard practice is to instruct the jury to separate the question of possession from knowledge and intent elements of a charge. *See United States v. Perry*, 438 F.3d 642, 649 (6th Cir. 2006) (holding that district courts should "issue a limiting instruction establishing the basis for the inclusion of the Rule 404(b) evidence"); *United States v. Marino*, 658 F.2d 1120, 1124 (6th Cir. 1981) (affirming conviction obtained where trial court issued limiting instruction specifying that prior bad acts evidence could be used to prove only "intent . . . knowledge . . . or absence of mistake or accident").

One must not confuse the government's argument that the prior bad acts evidence is

6

"critical" to suggest that it has any greater probative value. To be sure, the prior acts are indeed "critical," but only for the reason that the government's evidence connecting Stout to the actual possession and receipt, though clearly sufficient for conviction, is slight. The computer forensic evidence apparently cannot establish that Stout in particular or anyone for that matter affirmatively demonstrated possession by any action to permanently serve, file, repeatedly view or share with others, any of the charged images.[6] While it is likely true that the 404(b) evidence is subjectively critical to this case under the 404(b) analysis, those circumstances do not make the evidence objectively any more probative.

The Court concludes that the United States' proffered evidence satisfies the initial two requirements of Fed. R. Evid. 404(b) and is probative as to Stout's intent to knowingly receive and possess child pornography.

### III.

The Court next considers the third prong of the 404(b) test: the evidence's admissibility under Fed. R. Evid. 403. Rule 403 provides that:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403. Under this rule, "admission of such evidence is placed within the sound discretion of the trial court." *In re Beverly Hills Fire Litigation*, 695 F.2d 207, 218 (6th Cir. 1982). Rule 403 is concerned about evidence that the jury would likely use for purposes that the rules prohibit, such as showing that a person acts in accord with his proven character. Several

---

[6] Of course, evidence of the images of the hard drive permits the reasonable inference that Stout was responsible.

factors suggest that the danger of unfair prejudice here is potentially overwhelming.

The prior bad acts evidence is potentially prejudicial because it is both inflammatory and distracting. It is more lurid and frankly more interesting than the evidence surrounding the actual charges. Any jury will be more alarmed and disgusted by the prior acts than the actual charged conduct. As a consequence, the jury is likely to pay undue attention to it. This would be especially true if the jury saw the videos that led to Stout's conviction in state court. Regardless, there is a strong possibility that the jury will be improperly distracted from the primary evidence at hand.

The potential for distraction and unfair prejudice is greater than normal because the actual evidence of possession is so limited. The impression of Stout – surreptitiously filming a 14-year-old girl in her shower – will predominate this trial, not the stored still-life computer images that actually occasioned the current charges. Indeed, the evidence about the prior conduct proves too much and does so in a manner that is highly prejudicial. There is a high probability that the jury would improperly consider the prior bad acts evidence as propensity evidence, and an equally high probability of conviction because of the improper use of that evidence.

IV.

The Court has reviewed many of the reported cases discussing the use of 404(b) evidence in child pornography cases. While none are dispositive, they are certainly worthy of discussion. The weighing of evidence in the context of trial is truly an art, rather than a science at a certain point. The Court will first address an unpublished Sixth Circuit opinion, *United States v. Hall*, 2000 WL 32010, upon which the government relies to support its arguments. In that case, the

defendant faced similar charges as here, possessing and receiving child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (a)(2), and was found guilty in a non-jury trial. *Hall*, *id.* at **1-2. In a per curiam opinion, the court affirmed the district judge's decision to admit evidence of prior bad acts, including defendant's prior conviction for sodomy and sexual abuse of a minor six years previously, as relevant to his intent and knowledge to receive child pornography. *Id.* at **2. The court considered only whether the other acts were probative under Rule 404(b). *Id.* Rule 403 was not considered because defendant waived a jury trial. No one disputes that the evidence proffered here, as in *Hall*, has some relevance. Because the *Hall* court did not need to consider the all-important issue of prejudice, its analysis has little persuasive value here.

Most of the reported cases considering the admissibility of 404(b) evidence under the 403 balancing test ultimately rule on the side of admissibility. However, every evidentiary decision is dependent upon its context for relevancy and prejudice. The reported cases generally seem to have at least one of three important differences from the case at hand: first, the prior bad acts evidence admitted is more relevant because it is *res gestae* with the charged offense; second, the prior conduct is not so prejudicial because it is similar or lesser in reprehensibility to the crime charged; or third, the evidence regarding the crime charged is so substantial as to minimize the prejudicial effect of the prior bad acts evidence.

Numerous courts have permitted the admission of *res gestae* evidence: that is, evidence of similar, uncharged conduct discovered as part of the investigation into the charged conduct. *See, e.g., United States v. Long*, 328 F.3d 655 (D.C. Cir. 2003) (affirming trial court's decision to admit other uncharged photographs to show knowledge and intent in child pornography prosecution); *United States v. Grimes*, 244 F.3d 375 (5th Cir. 2001) (affirming admission of

9

sexually explicit narrative files found on defendant's computer in prosecution for possession of child pornography files found on same computer); *United States v. Angle*, 234 F.3d 326 (7th Cir. 2000) (holding that the challenged evidence "helped complete the story" behind the charged child pornography offenses); *United States v. Simpson*, 152 F.3d 1241, 1248-49 (10th Cir. 1998) (holding that the admission of uncharged images and videos of child pornography found on the same computer as charged images was necessary to prove defendant's intent and lack of mistake). The difference between those cases and the case at hand is obvious: the prior bad acts evidence is unrelated in time, place, or conduct to the charged conduct; it is clearly not part of the *res gestae* of the charged case. For instance, if the videos of the minor girl showering were found on Stout's computer along with the charged images, the United States could arguably admit them as part of the *res gestae* of the case. But that is not our case.

Another line of cases has generally upheld use of prior conduct that is similar to or less serious than the charged conduct. *See United States v. Gendron*, 16 F.3d 955 (1st Cir. 1994).[7] In *Gendron*, the court ruled that the district court did not abuse its discretion by admitting, as evidence of defendant's predisposition to illicitly receive child pornography, various "child erotic" but not illegal items seized from the defendant's home. *Id.* at 969. In *Gendron*, the conduct underlying the crime charged (ordering a videotape of child pornography) was worse than the prior bad acts conduct that was ultimately admitted (possession of child erotic – but not illegal – items). *See also United States v. Crews*, 28 Fed. Appx. 247, 250 (4th Cir. N.C. Jan. 23,

---

[7] In certain specific circumstances, Congress has actually expressly acknowledged that *similar* prior bad acts evidence can be admitted in prosecutions for *similar* sexual crimes. *See* Fed. R. Evid. 413 (allowing the admission of similar crimes in sexual assault cases); Fed. R. Evid. 414 (allowing the admission of similar crimes in child molestation cases). Though not directly applicable here, an analogy suggests that the use of similar crime evidence may be less prejudicial than other prior act evidence.

10

2002) (affirming the admission of defendant's production of a prior videotape of a sexual encounter between himself and a minor boy in a prosecution for producing child pornography); *United States v. Ricardi*, 258 F. Supp. 2d 1212 (D. Kan. 2003) (allowing admission of images depicting minors in non-sexually explicit photos). Again, this group of cases differ from the case at hand: the prior bad acts evidence admitted was evidence of a similar or lesser crime (or even a less disturbing non-criminal behavior) than the crime charged. Here, the prior bad acts evidence is *more* disturbing and, frankly, creepier than the actual crime charged.

In other cases, courts have permitted the admission of prior bad acts evidence (or at least disregarded it as harmless error) where the other evidence against the defendant is substantial. *See, e.g.*, *United States v. LaChapelle*, 969 F.2d 632, 638 (8th Cir. 1992) (ruling that admission of challenged videotape was harmless error where government presented substantial other evidence that defendant voluntarily sought out child pornography). The presence of substantial evidence lessens the potential for an unfair use. The difference between those cases and the case at hand is that here the prior bad acts evidence will not be lost against a background of other substantial evidence. Indeed, it will likely become a focus point of the case.

V.

Irrespective of this evidentiary issue, no one would dispute that the federal and state proceedings are integral to one another in different contexts. Should a federal jury convict Stout without hearing the 1999 evidence, that evidence will, nevertheless, be very significant in the federal sentencing proceedings.[8] Likewise, the current charges are clearly the central focus of

---

[8] The prior sex crime conviction could result in a 10 or 15 year mandatory minimum sentence connective to any sentence on the 2005 indictment.

11

any state court proceedings to revoke Stout's current parole status.[9] The relatedness of the two crimes in a sentencing and parole context is long recognized: judges must consider other criminal acts in determining the likely dangerousness, repentance or rehabilitative potential of a defendant. However, in instances such as ours, one must be aware of the potential that the same prior acts that fairly dictate a sentence may also unfairly secure a conviction. The danger is that in the mind of both judges and jury, the actual crime charged becomes an almost unnoticed bystander.

Rule 403 by its very nature requires the Court to weigh "the delicate balance between the probative value [of evidence] and its capacity to engender vindictive passions within the jury or to confuse the issues . . . ." *United States v. Green*, 548 F.2d 1261, 1268 (6th Cir. 1977). In this case, the proposed prior bad acts evidence has the limited probative effect of showing Stout's prior interest in minor girls and suggesting his intent to knowingly receive child pornography. However, the same evidence also has the potential to transform Stout in the jury's eyes from a distasteful private voyeur into a bona fide sexual predator. Such evidence would dominate the trial and almost certainly would "engender vindictive passions within the jury."

If the prior bad acts evidence were to be admitted and Stout were to be convicted on the present charges, any court reviewing his conviction would be duty-bound to "consider the trial record as a whole and to ignore errors that are harmless . . . ." *United States v. Hasting*, 461 U.S. 499, 508 (1983). In these circumstances, Stout's conviction is virtually guaranteed. It is guaranteed not because the prior acts provide missing evidence of intent or knowledge; it is guaranteed because the prior acts paint a much more disgusting portrait of Stout than the actual

---

[9] Revocation could result in Stout serving the remainder of his ten-year probated sentence in prison.

12

crimes charged. The harmless error doctrine "recognizes the principle that the central purpose of a criminal trial is to decide the factual question of the defendant's guilt or innocence . . . ." *Delaware v. Van Arsdall*, 475 U.S. 673, 681 (1986). In this case, there is strong probability that admitting the prior bad acts evidence would undermine that inquiry into Stout's innocence or guilt. If the evidence were mistakenly introduced into his trial, that error would be an extremely harmful error due to the degree of prejudice engendered against Stout.

For all these reasons, the Court finds that the actual and potential unfair prejudicial impact of this evidence substantially outweighs its probative value. Therefore, the Court will exclude evidence of Stout's prior crimes.

cc: Counsel of Record